UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEAL D. SECREASE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-00742-SEB-MJD |
| ) | |
| WESTERN & SOUTHERN LIFE ) | |
| INSURANCE COMPANY, ) | |
| STEVEN BIBI, ) | |
| JUANITA THOMAS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS**

Currently before the Court are Plaintiff's Motion for a new Judge [Docket No. 8], Plaintiff's Motion to Amend and Remand [Docket No. 9], and Defendants' Motion to Dismiss Complaint and for Sanctions [Docket No. 10]. On April 4, 2015, Plaintiff Neal Secrease Jr. filed his *pro se* Complaint in the Marion Superior Court against Defendants Southern & Western Life Ins. Co. ("Western & Southern"), Steven Bibi, and Juanita Thomas alleging employment discrimination and retaliation, breach of non-compete and non-solicitation agreements, intentional infliction of emotional distress, libel/slander, and conspiracy. Dkt. 1-1. On May 8, 2015, Defendants jointly removed the case to this court. *Id.* On May 20, 2015, Plaintiff filed a motion requesting a new judge, citing fears of bias based on a ruling made by this Court against a co-worker of his. Dkt. 8. On the same day, May 20, 2015, Secrease also filed a motion to amend his Complaint to "eliminate [the]

1

unnecessary and duplicative federal causes of action" and to remand the case to Marion Superior Court. Dkt. 9. On May 22, 2015, Defendants filed a motion to dismiss Secrease's Complaint and for sanctions. Dkt. 10. For the reasons detailed in this Order, we **DENY** Plaintiff's motion for a new judge [Docket No. 8]; we **GRANT in part** and **DENY in part** Plaintiff's motion to amend his Complaint and to remand this case to Marion Superior Court [Docket No. 8]; and we **GRANT** Defendants' motion to dismiss Secrease's Complaint and for sanctions [Docket No. 10].

## Factual Background

### I. Secrease's Employment and Termination[1]

Plaintiff Neal Secrease Jr. worked at Western & Southern's office in Kokomo, Indiana from October 2006 to April 17, 2013. In October 2006, Secrease signed a "Sales Representative's Agreement" wherein he agreed to devote all of his working time to Western & Southern and to not engage in any other business, profession, or work for remuneration of profit absent Western & Southern's written consent. See Dkt. 11-3. On April 5, 2013, upon discovering that Secrease was performing a second job with Horizon Transport, a trucking company, Secrease's agency manager Steven Bibi and his staff manager Juanita Thomas informed him that he could no longer work at both Horizon and Western & Southern. Secrease left the meeting with Bibi and Thomas and did not return to work at Western & Southern. After remaining absent from work for several days,

---

[1] We take judicial notice of these facts established in Plaintiff's first federal action against defendants filed June 10, 2014. See *Secrease v. Western & Southern Life Ins. Co.*, No. 1:14-cv-0955-JMS-TAB ("*Secrease I*").

2

Secrease was notified that he was expected to return to Western & Southern by April 17, 2013. When Secrease failed to return by the 17th, Western & Southern terminated his employment for abandoning his job.

### II.     *Secrease I*

On June 10, 2014, Plaintiff filed a lawsuit in this court against Western & Southern, Steven Bibi, and Juanita Thomas, alleging employment discrimination and retaliation, intentional infliction of emotional distress, and false light and defamation by misrepresentations. *Secrease v. Western & Southern Life Co.*, No. 1:14-cv-0955-JMS-TAB ("*Secrease I*"), Dkt. 1. Defendants moved to dismiss *Secrease I*, arguing that Plaintiff's action was time-barred because he had failed to file his Title VII claims within the ninety-day limitation period and because he had failed to sufficiently allege facts to sustain his state law claims. *Secrease I,* Dkt. 11, 12. On December 3, 2014, this Court dismissed with prejudice Plaintiff's claims for sex and age discrimination, intentional infliction of emotional distress, defamation, and two of the three retaliation claims. *Secrease I*, Dkt. 19.

In response to Defendants' Motion to Dismiss, Plaintiff argued that the court should submit his claims to arbitration based on a purported "Sales Representative's Agreement" containing a mandatory arbitration clause. *Secrease I*, Dkt. 14. As it turns out, the purported agreement submitted by Secrease was a fraud he created by taking the body of another employee's agreement containing an arbitration clause, and inserting it between the first and last pages of his own agreement which did not contain such a

3

clause. *See Secrease v. Western & Southern*, 2015 WL 275606, at *2 (S.D. Ind. Jan. 21, 2015). After an evidentiary hearing wherein Judge Magnus-Stinson found Secrease's incredible explanations for his fraudulent submission to be without merit and purposefully deceitful, Plaintiff's remaining retaliation claim was dismissed with prejudice as a sanction for his attempted fraud. *Id.* at * 3. On September 1, 2015, the Seventh Circuit affirmed Judge Magnus-Stinson's dismissal of Plaintiff's case, holding that it serves as a reminder of a district judge's inherent power to impose the severe sanction of dismissal on a plaintiff when a party deliberately attempts to defraud the court. *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d. 397, 399 (7th Cir. 2015).

### III. *Secrease II*

In addition to the federal lawsuit brought in this court on June 10, 2014, Plaintiff also filed suit against Defendants in Marion Superior Court on July 3, 2014, *see Secrease et al. v. Western & Southern Life, Bibi, Thomas, et al.*, No. 49D02-1407-CT-022367 ("*Secrese II*"), alleging many of the same claims as in *Secrease I*, including intentional infliction of emotional distress, fraud and misrepresentations, and negligence. See Dkt. 11-1. Additionally, Plaintiff alleged violations of the Indiana Consumer Fraud Act, unfair and deceptive trade practices, and violations of HIPAA. *Id.* This state-court case was likewise dismissed with prejudice on January 22, 2015. Dkt. 11-2.

### IV. *Secrease III*

Undeterred by the dismissals in both federal and state court, Secrease commenced the present action in the Marion Superior Court on April 4, 2015, alleging largely

4

identical facts and violations as he had in his prior cases, including employment discrimination and retaliation, libel and slander, and intentional infliction of emotional stress, and adding claims of "conspiracy" and "violations of non-compete and non-solicitation agreements." Dkt. 1-1. On May 8, 2015, Defendants removed the case to this Court based on Secrease's allegations of federal law violations. Dkt. 1. On May 20, 2015, Secrease filed a motion requesting a new judge [Docket No. 8] and a motion to amend his Complaint and remand the case to state court [Docket No. 9]. On May 22, 2015, Defendants filed a motion to dismiss Secrease's Complaint and for sanctions [Docket No. 10]. We address each pending motion below.

## Discussion

Before us are three motions: (1) Plaintiff's Motion for a New Judge [Docket No. 8]; (2) Plaintiff's Motion to Amend and Remand [Docket No. 9]; and (3) Defendants' Motion to Dismiss and for Sanctions [Docket No. 10]. Although submitted by Plaintiff in one motion, we shall address his request to amend and his request for remand separately. Likewise, we separate our analysis of Defendants' motion to dismiss and their request for sanctions.

### I.   Plaintiff's Motion for a New Judge

On May 20, 2015, Plaintiff filed a motion requesting a new judge in this case, stating:

> I fear bias or prejudice from Judge Sarah Barker because of [a] recent negative ruling against [a] former co-worker/plaintiff by

5

>  Judge Barker that was appealed and modified in favor of [the] former co-worker by the U.S. Court of Appeal[s] for the Seventh Circuit.

Dkt. 8. In his reply, Mr. Secrease further states that, in his opinion, "Judge Barker['s] record in civil rights [is]…against a person when the case is brought in before her." Dkt. 16.

Under 28 U.S.C. § 455(a), a federal judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned by a reasonable, well-informed observer. *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). Section 455 asks whether a "reasonable person" perceives a "significant risk" that the judge will resolve the case on a basis other than the merits. *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996). This is an objective inquiry. *Id.*

Secrease seeks recusal of the undersigned because he disagrees with one or more rulings by this Court in civil rights actions involving his co-workers and, generally, with the more amorphous "record" of the undersigned in such cases. Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused must almost *always* be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158–59 (7th Cir. 1994); *Spangler v. Sears, Roebuck & Co.,* 759 F. Supp. 1327, 1332 (S.D. Ind. 1991) ("[I]t is axiomatic that a motion to recuse because of the appearance of partiality may not be based merely upon

unfavorable judicial rulings regardless of the correctness of those rulings."). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler.,* 759 F. Supp. at 1329 (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

Here, Plaintiff's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) ("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case"). Based on the foregoing, we conclude that there is no legitimate basis for the disqualification relief sought by Plaintiff. Thus, the motion to recuse fails under § 455(a)(1), because the circumstances do not demonstrate an objectively reasonable basis for questioning this judge's impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of § 455(b). Accordingly, the plaintiff's motion for recusal [Docket No. 8] is **DENIED.**

## II. Plaintiff's Motion to Amend

On May 20, 2015, Plaintiff also filed a joint motion to amend his Complaint to "eliminate unnecessary and duplicative federal causes of action," and to have the case remanded to Marion Superior Court based on a "procedurally defective" removal to this Court by Defendants. See Dkt. 9-2 at 1.

A plaintiff may generally amend his complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1). Under Rule 15(a)(1)(B), a party may, of right, amend a complaint until twenty-one days from the service of the earlier of a responsive pleading or a 12(b), (e), or (f) motion. *See also Rainey v. Lipari Foods, Inc.*, 546 F. App'x. 583, 585 (7th Cir. 2013) (holding a plaintiff has a right to amendment within the window even if dismissal has already been granted).

Here, Plaintiff moved to amend his Complaint twelve days after Defendants' filed their notice of removal and two days before Defendants filed their Motion to Dismiss. As such, we will allow Plaintiff to amend his Complaint, and his Motion to Amend and Remand is **GRANTED in part**. We therefore shall treat Plaintiff's Proposed Amended Complaint [Docket No. 9-1] as Plaintiff's Amended Complaint for purposes of the motion to remand and motion to dismiss.

### III.    Plaintiff's Motion to Remand

Plaintiff has moved for the remand of this case to Marion County Superior Court, contending that Defendants' removal was defective. Dkt 9. Secrease alleges that Defendants "filed" this case in our Court on May 8, 2015, and then waited until May 11, 2015 to file a Petition of Removal in the Marion Superior Court, arguing that they "should have requested removal from State court first…." Dkt. 9-2. He has also alleged that neither Juanita Thomas nor Steven Bibi joined the removal, as required by 28 U.S.C. § 1446. Dkt. 9-2 at 2.

We find no procedural defects in Defendants' removal. Pursuant to 28 U.S.C. § 1446(a), defendants desiring to remove any civil case from a State court shall file in the district court of the United States a notice of removal. The notice of removal must be filed with the district court within thirty days after the receipt of service of process. *Id*. § 1446(b). If multiple defendants are seeking removal under § 1441(a), then all defendants who have been properly joined and served must join in or consent to the removal of the action within thirty days of the last-served defendant's receipt of process. *Id.* § 1446(b)(2)(A), (C). Promptly *after* filing the notice of removal in the district court, Defendants must then provide written notice to all adverse parties and shall provide a copy of the notice with the clerk of the State court. *Id.* § 1446(d) (emphasis added).

The last-served defendant in this case, Southern & Western, received service on April 24, 2015. See Dkt. 1-1. Pursuant to 28 U.S.C. § 1446(b), Defendants had until May 24, 2015 to file a Notice of Removal in this Court. Defendants filed their notice of removal "on their own behalf and with the express consent of each other Defendant" on Friday, May 8, 2015. Dkt. 1 at 1. Thereafter, on Monday, May 11, 2015, Defendants filed a copy of the notice with the Marion Superior Court. Dkt. 12-2. We find no reason, and Plaintiff has provided us with none, to hold that the delay from Friday, May 8 to Monday, May 11 violated § 1446(d)'s promptness requirement.

Plaintiff has also alleged that this case was removed without jurisdiction because Plaintiff's allegations arise under the "Indiana Uniform (sic)" and the "Indiana Unfair Competition Law (Indiana Business & Professions Code § -------, *et seq.*)" and not under

9

the Constitution, treaties, or laws of the United States; thus removal was improper under 28 U.S.C. § 1441(a). Dkt. 9-2 at 2.

Under 28 U.S.C. § 1441(a), a defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court. If, after a notice of removal has been properly filed, the federal court finds that it has no subject-matter jurisdiction, the court may then remand the case to the state court. 28 U.S.C. § 1447(c), (d). Whether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed. Gossmeyer v. McDonald*, 128 F.3d 481, 487-88 (7th Cir. 1997) (emphasis in original).

When Defendants removed this action on May 8, 2015, Plaintiff's Complaint read, in part, as follows:

> 3.1 The jurisdiction of the Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.
>
> \*\*\*
>
> This could be, in part, an action authorized and instituted pursuant to: Title VIAA of the Civil Rights Act of 1964, as amended 42 U.S.C. Section(s) 2000e *et seq*,; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A; 42 U.S.C. Section 1988, and the common law and Statutes of the State of Indiana.
>
> \*\*\*
>
> 3.3 Venue is proper in the United States District Court for the District of Indiana pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants regularly conduct business and where all wrongful conduct occurred.

Dkt. 1-1 at 9–10. Clearly, removal was proper in this case based on Plaintiff's original complaint as it existed on May 8, 2015.

On May 20, 2015, Plaintiff filed his motion to amend and remand, in which he sought to "eliminate the unnecessary and duplicative federal causes of action" from his Complaint. Dkt. 9-2. However, once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal. *See Hammond v. Terminal R.R. Ass'n of St. Louis,* 848 F.2d 95, 97 (7th Cir. 1988) (where a complaint states a claim that is removable, "removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim"); *see also Prince v. Rescorp Realty,* 940 F.2d 1104, 1105 n. 2 (7th Cir. 1991); *Price v. Highland Cmty. Bank,* 722 F. Supp. 454, 456 (N.D. Ill. 1989) (deleting the sole federal claim in a removed case "did not affect federal jurisdiction, which with immaterial exceptions depends on the facts and claims when the suit is removed, rather than on subsequent developments"). This is true even if the federal claim in the original state court complaint was frivolous. *Hammond,* 848 F.2d at 98. Plaintiff's effort to amend his Complaint to remove the federal claims does not, therefore, render Defendants' removal defective.

The Court, of course, has the discretion to remand the case based on Plaintiff's Amended Complaint, which no longer explicitly includes a federal claim. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 351 (1988); *J.O. v.*

11

*Alton Cmty. Unit Sch. Dist. 11,* 909 F.2d 267, 270 (7th Cir. 1990) ("a district court may exercise its discretion to remand a case back to state court when all independent federal bases for jurisdiction are gone and only pendent state claims remain"). When exercising this discretion, we consider fairness, comity, and judicial economy, including whether the motion to remand was based on a tactical dismissal of the federal claim on which removal was based. *Cohill,* 484 U.S. at 357. Indeed, *Cohill* emphasizes that where a plaintiff has deleted his federal claims in an effort to regain the state forum he initially chose, the court should be on alert to guard against forum manipulation. *Id.; see also Firth v. Chupp*, 2010 WL 2346335, at *2–3 (N.D. Ind. June 9, 2010).

Secrease's joint motion to amend and remand is based on precisely the sort of tactical forum manipulation that *Cohill* cautions against. In comparing the two versions of his complaint, we find that his claims are nearly identical, except that Plaintiff removed some explicit references to federal jurisdiction. (*See* Docket Nos. 1-1 & 9-1). Nevertheless, he retains much of the same language and all of the same facts giving rise to his federal claims. *See id.* Accordingly, Plaintiff's Motion to Remand [Docket No. 9] is **DENIED**.

### IV. Defendant's Motion to Dismiss

On May 22, 2015, Defendants filed a motion to dismiss arguing that Plaintiff's claims are barred under the doctrine of *res judicata.* Dkt. 10. Because *res judicata* bars Plaintiff from re-litigating the same claims against the same Defendants, which have

already been dismissed by a court of concurrent jurisdiction, Secrease's Complaint fails to state a claim and must be dismissed. *See Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008) (noting that *res judicata* is an affirmative defense and a proper basis for a motion to dismiss).[2]

The judicial doctrine of *res judicata* prohibits parties from "relitigating issues that were or could have been raised" in a previous action that was resolved on its merits. *See Highway J Citizens Grp. v. U.S. Dep't of Transp.,* 456 F.3d 734, 741 (7th Cir. 2006). Three factors must be present for *res judicata* to apply: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action."*Johnson v. Cypress Hill,* 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 334 (7th Cir. 1992)).

All three factors are present here. The parties to this action are the same as in *Secrease I* and *Secrease II.* In each case, Plaintiff Neal Secrease Jr. sued Defendants Western & Southern, Steven Bibi, and Juanita Thomas. See Dkt. 12-1 (*Secrease I*); Dkt. 11-2 (*Secrease II*). There is also an identity of causes of action between this case and the earlier litigations. Plaintiff's claims of intentional infliction of emotional distress, dkt. 9-1

---

[2] Technically *res judicata* is an affirmative defense which should be pled in Defendants' answer and the proper vehicle for dismissal is a Rule 12(c) motion on the pleadings. *See Forty One News, Inc. v. County of Lake,* 491 F.3d 662, 664 (7th Cir. 2007). However, as the Seventh Circuit explained in *Muhammad*, no purpose would be served by compelling Defendants to file an answer rather than proceed by motion to dismiss when Plaintiff has "pleaded himself out of court." 547 F.3d at 878 (citing *Tamayo v. Blagojevich*, 526 1074, 1086 (7th Cir. 2008)).

at ¶ 8, and libel/ slander, dkt. 9-1 at ¶ 7, were raised in almost identical fashion in *Secrease I* and *Secrease II.* See Dkts. 12-1 at ¶ ¶ 7.1, 8.1, 11-2 at ¶¶ 6.1, 7.1. Likewise, Secrease's additional claims of "conspiracy" and "violation of non-compete and non-solicitation agreement" are barred because, in regard to *res judicata*, "cause of action" refers not only to a legal theory, but to a "single core of operative facts which give rise to a remedy." *Johnson,* 641 F.3d at 874 (7th Cir. 2011) (quoting *Golden v. Barenborg,* 53 F.3d 866, 869 (7th Cir. 1995)). Under each of Secrease's "new" causes of action, he contends that he was deprived of employment opportunities and was the victim of "character assassination" due to negative comments made by Defendants to his potential clients and employers. Dkt. 9-1 at ¶¶ 6.1–6.18, 9.1–9.6. These are precisely the facts giving rise to the several causes of action already litigated by these parties, thus even though they may appear to be "new" to this Complaint, the causes of action for "conspiracy" and "breach of agreement" are barred by *res judicata. See Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939, 945 (7th Cir. 1981) ("An unsuccessful party may not…frustrate the doctrine of *res judicata* by cloaking the same cause of action in the language of a theory untried in the previous litigation."). Lastly, both *Secrease I* and *Secrease II* were dismissed with prejudice in their entirety. See *Secrease v. Western & Southern*, 800 F.3d 397 (7th Cir. 2015) (affirming the dismissal of *Secrease I*); Dkt. 11-2 (order dismissing *Secrease II*). Because Plaintiff's present complaint contains no factual allegations and advances no legal theories not already addressed by a court of concurrent jurisdiction, it is thus barred in its entirety by *res judicata.* Accordingly,

Defendants' Motion to Dismiss [Docket No. 10] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

### V.     Sanctions

Finally, we address Defendants' request for attorney fees. A district court has the inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith. *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 48–49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Generally, the district court possesses discretion to craft sanctions because the power to sanction is essential to the management of heavy caseloads and the protection of the interests of the litigants. *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000). Included in the district court's powers to sanction is its ability to award attorney fees when parties have acted in bad faith. *See Hall v. Cole,* 412 U.S. 1, 4–5, (1973) ("[F]ederal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require .... Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted ... in bad faith, vexatiously, wantonly, or for oppressive reasons."). In *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000), the Seventh Circuit articulated three categories of extreme conduct amounting to "abuse of the court and its process" which warrant sanctions: (1) fraud on the court or similar action that causes the very temple of justice to be defiled, (2) engagement in a pattern of frivolous litigation, and (3) vexatious claims and contumacious conduct. (internal citations omitted).

Secrease's course of conduct in this and the two preceding cases has been nothing short of willful disobedience causing Defendants and the courts annoyance, frustration, and inconvenience. We have little trouble finding these derelictions to be an abuse of the court and its process. After Secrease had his claims in *Secrease I* dismissed with prejudice, both for lack of merit and as a sanction for committing fraud upon this Court, he requested permission to appeal that decision *in forma pauperis. Secrease I*, Dkt. 38. In denying Secrease's request, this court advised him in the clearest of terms that "[t]here [was] no objectively reasonable argument the plaintiff could present to argue that the disposition of [that] action was erroneous…therefore, the plaintiff 'is acting in bad faith…[because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.'" *Secrease I*¸ Dkt. 42 (quoting *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Nevertheless, Secrease appealed the decision to the Seventh Circuit, which affirmed the imposition of sanctions on September 1, 2015. *Secrease,* 800 F.3d. at 399. Secrease's state court action incorporating many of the same claims against Defendants was also dismissed with prejudice by Marion Superior Court on January 22, 2015. Dkt. 11-2.

Notwithstanding these dismissals of his claims in both federal and state court, as well as the admonitions given by this court against his continued engagement in vexatious and frivolous conduct, Secrease commenced a third lawsuit in Marion Superior Court based on the identical facts of *Secrease I & II*, which raised virtually identical claims requiring Defendants to once again mount a defense. Dkt. 1-1. This alone warrants

sanctions as contumacious and wanton conduct justifying the imposition of such punishment. *See Carr v. Tillery*, 2010 WL 1963398, at *4 (S.D. Ill. May 17, 2010) (issuing sanctions against a plaintiff for filing a fourth lawsuit "in the teeth of precedent showing that his claims…[we]re barred by *res judicata*"). Exacerbating this conduct is the fact that Secrease's original complaint filed here contained not only claims which were clearly barred by *res judicata*, but also invoked potions of his alleged of his "Sales Representative's Agreement" which had already been determined to be a fraud. See Dkt. 1-1. The Court's ruling that Secrease's "Sales Representative Agreement," signed in 2006, did not contain any reference to arbitration whatsoever and was not bound by the Dispute Resolution Plan crafted in 2009, *see* Secrease, 2015 WL 275606 at *5, could not have been clearer. Despite that ruling, Secrease alleged in his April 2015 state court complaint that he had signed a "Sale's Representative Agreement" which included a "Clause for Claims Not Subject to Arbitration – Non-Compete, Non-Solicitation," which provided that "[n]either the employee nor the Company has to submit the items listed under this 'Claims not subject to arbitration' caption to arbitration under this DRP [Dispute resolution Plan] and may seek and obtain relief from a court or the appropriate administrative agency." Dkt. 1-1 ¶ 6.1. Secrease further alleged that each of the Defendants is in violation of the non-solicitation and non-compete clauses of his agreement due to their violations of "the obligations pursuant to the DRP Booklet." Dkt. 1-1 at ¶ 6.19. It was specifically these fraudulent allegations that led to Secrease's sanctions in *Secrease I*. *See Secrease*, 2015 WL 275606 at *5. Perhaps reading the handwriting on the wall, Secrease requested permission to amend his Complaint to

17

remove the "duplicative federal causes of action" after Defendants removed his third lawsuit to our Court, but, notably, in the process of amending his complaint, he deleted all references to these fraudulently concocted clauses in his Sales Representative Agreement. Dkt. 9-1. Secrease has yet to get the point, it seems, so we have little difficulty concluding that he has prosecuted this action in bad faith.

We believe that a proper and reasonable sanction is to require Secrease to pay Defendant's attorney's fees as the prevailing parties in this case to offset the costs of defending the ill-conceived, frivolous lawsuit. *See Coyne–Delany Co.v. Capital Dev. Bd. of Ill.,* 717 F.2d 385, 390 (7th Cir. 1983) ("an award of attorney's fees is proper ... where the losing party has been guilty of bad faith, as by bringing a frivolous suit—frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win."). Given the likelihood that Secrease will yield to our ruling without further resistance or obstruction, Defendants request entry of an anti-suit injunction barring future litigation on these claims against these defendants. Such injunctions complement an award of monetary sanctions for vexatious litigation and are standard remedies for such misconduct in litigation. *Carr v. Tillery*, 2010 WL 1963398, at *8 (S.D. Ill. May 17, 2010). Accordingly, we **GRANT** Defendants' request for sanctions [Docket No. 10].

## Conclusion

For the reasons detailed above, Plaintiff's Motion for a New Judge [Docket No. 8], is **DENIED.** Plaintiff's Motion to Amend and Remand [Docket No. 9] is **GRANTED in**

part and **DENIED in part**. Defendants' Motion to Dismiss Complaint and for Sanctions [Docket No. 10] is **GRANTED**.

Defendants are directed to submit to Plaintiff (with copies to the Court) itemized fee petitions within 14 days of the date of this Order. Plaintiff is allowed 7 days to respond to the fee petitions. Defendants may reply within 7 days of Plaintiff's response, if they so choose.

It is further ordered that Secrease and anyone acting on his behalf is **ENJOINED** from pursuing any litigations whatever regarding the subject matter of this litigation, and from filing any action, complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge or any similar instrument against Western & Southern, Steven Bibi, Juanita Thomas, and their present, former, or future agents, representatives, members, employees, directors, officers, attorneys, parents, assigns, predecessors or successors, in any court, forum, tribunal, self-regulatory organization, or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees whether for pecuniary advantage or otherwise, without first obtaining leave of this Court. Exempt from this restriction are: a notice of appeal from this Order and any papers sought to be filed by Secrease in a civil or criminal case to which Secrease is a party defendant.

This case is hereby **DISMISSED WITH PREJUDICE**. A final judgment shall enter accordingly.

Date: 11/12/2015

IT IS SO ORDERED.

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

19

Distribution:

NEAL D. SECREASE, JR.
5589 S. 350E
CUTLER, IN 46920

Michael P. Palmer
BARNES & THORNBURG - South Bend
mpalmer@btlaw.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP (Indianapolis)
hmurphy@btlaw.com